*William D. Hyslop*
United States Attorney (EDWA)
Derek T. Taylor
John T. Drake
Assistant U.S. Attorneys
Post Office Box 1494
Spokane, WA 99201-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONSERVATION NORTHWEST and WILDEARTH GUARDIANS,<br><br>     Plaintiffs,<br><br>  vs.<br><br>U.S. FOREST SERVICE and RODNEY SMOLDON, Forest Supervisor, Colville National Forest,<br><br>     Defendants. | Case No.: 2:20-cv-00450-RMP<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

   Pursuant to Fed. R. Civ. P. 8(b), Defendants hereby respond to the allegations in the Complaint for Declaratory and Injunctive Relief (ECF No. 1) (hereafter "Complaint") in the above- captioned action. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

   Defendants generally deny liability, and any allegation not specifically admitted, qualified, or otherwise responded to is hereby denied. The headings in this Answer correspond to the headings in Plaintiffs' Complaint. They are provided for convenience and are not intended to form any substantive part of Defendants' Answer. To the extent Plaintiffs' Complaint has headings that make substantive allegations, Defendants deny those allegations.

## I. "INTRODUCTION"

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of the case, which does not require a response. With respect to the allegations in the second sentence of Paragraph 1, Defendants admit that wheeled all-terrain vehicles ("WATVs") can be driven on or off roads, that WATVs are driven on some roads and trails on National Forests, and that the Colville National Forest ("Colville") is a National Forest. Defendants deny the remaining allegations in the second sentence, in part because they are too subjective and/or vague to permit a concise response. Defendants deny the allegations in the third sentence of Paragraph 1, in part because they are too subjective and/or vague to permit a concise response. Defendants admit the allegations in the fourth sentence of Paragraph 1. The allegations in the fifth sentence of Paragraph 1 purport to characterize and/or describe unattributed statements, which speak for themselves and are the best evidence of their content. Defendants deny the remaining allegations in the fifth sentence.

2. The allegations in Paragraph 2 consist of Plaintiffs' characterization of the case and are legal conclusions, which require no response.

3. Defendants deny the allegations in the first and second sentences of Paragraph 3. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 3 and, on that basis, deny them. The allegations in the fourth sentence of Paragraph 3 consist of Plaintiffs' characterization of the relief they are requesting, which does not require a response.

## II. "JURISDICTION AND VENUE"

4. The allegations in the first sentence of Paragraph 4 consist of Plaintiffs' characterization of their case, which does not require a response. The allegations in the second, third, fourth, and fifth sentences of Paragraph 4 state legal conclusions, which do not require a response.

5.     With respect to the allegations in Paragraph 5, Defendants admit that certain events alleged in the Complaint occurred within this judicial district, including some events in Colville, Washington, and that certain Forest Service offices are located within this judicial district. Defendants deny the remaining allegations in Paragraph 5.

6.     The allegations in Paragraph 6 are legal conclusions, which do not require a response.

7.     The allegations in the first sentence of Paragraph 7 state a legal conclusion, which does not require a response. The allegations in the second sentence of Paragraph 7 purport to characterize and/or describe a September 14, 2020 letter, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the third sentence of Paragraph 7. With respect to the allegations in the fourth sentence, Defendants admit that a copy of a September 14, 2020 letter is attached to the complaint as Exhibit 1 and deny the remaining allegations.

### III.   "PARTIES"

8.     Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, sixth, and seventh sentences of Paragraph 8. With respect to the allegations in the fifth sentence of Paragraph 8, Defendants admit that, in its capacity as a member of the Northeast Washington Forest Coalition, Conservation Northwest has provided input on several projects on the Colville. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the fifth sentence and, on that basis, deny them.

9.     Defendants lack the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and, on that basis, deny them.

10. Defendants lack the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and, on that basis, deny them.

11. Defendants lack the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, on that basis, deny them.

12. Defendants lack the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 12 and, on that basis, deny them. Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 12.

13. Defendants lack the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and, on that basis, deny them.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

## IV.    "LEGAL BACKGROUND"

A. "The Endangered Species Act."

17. The allegations in Paragraph 17 purport to characterize and/or describe *Center for Biological Diversity v. Zinke*, 900 F.3d 1053 (9th Cir. 2018), which speaks for itself and is the best evidence of its content.

18. The allegations in Paragraph 18 purport to characterize and/or describe the Endangered Species Act ("ESA"), including 16 U.S.C. § 1531(b), which speaks for itself and is the best evidence of its content.

19. The allegations in the first sentence of Paragraph 19 purport to characterize and/or describe 16 U.S.C. §§ 1533(a) and (c), which speak for themselves and are the best evidence of their content. The allegations in the second sentence of Paragraph 19 purport to characterize and/or describe 16

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - 4

U.S.C. § 1533(a)(3), which speaks for itself and is the best evidence of its content.

20.  The allegations in the first sentence of Paragraph 20 purport to characterize and/or describe 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 20 purport to characterize and/or describe 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its content.

21.  The allegations in Paragraph 21 purport to characterize and/or describe the ESA and its implementing regulations, including 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.01(b), which speak for themselves and are the best evidence of their content.

22.  The allegations in Paragraph 22 purport to characterize and/or describe 50 C.F.R. § 402.03, which speaks for itself and is the best evidence of its content.

23.  The allegations in Paragraph 23 purport to characterize and/or describe the ESA and its implementing regulations, including 16 U.S.C. § 1536(c)(1) and 50 C.F.R. § 402.12, which speak for themselves and are the best evidence of their content.

24.  The allegations in the first sentence of Paragraph 24 purport to characterize and/or describe 50 C.F.R. §§ 402.12 and 402.14(b), which speak for themselves and are the best evidence of their content. The allegations in the second sentence of Paragraph 24 purport to characterize and/or describe 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its content.

25.  The allegations in Paragraph 25 purport to characterize and/or describe 16 U.S.C. § 1536(d), which speaks for itself and is the best evidence of its content.

26.  The allegations in Paragraph 26 purport to characterize the ESA and its implementing regulations, including 50 C.F.R. § 402.16, which speak for

1  themselves and are the best evidence of their content.

2  B. "The National Environmental Policy Act."

3      27.  The allegations in the first sentence of Paragraph 27 purport to

4  characterize and/or describe the National Environmental Policy Act ("NEPA")

5  and 40 C.F.R. § 1500.1(a), which speak for themselves and are the best evidence

6  of their content. The allegations in the second sentence of Paragraph 27 purport

7  to characterize and/or describe *Robertson v. Methow Valley Citizens Council*,

8  490 U.S. 332 (1989), which speaks for itself and is the best evidence of its

9  content.

10      28.  The allegations in Paragraph 28 purport to characterize and/or

11  describe NEPA, including 42 U.S.C. § 4332(2)(C), which speaks for itself and is

12  the best evidence of its content.

13      29.  The allegations in Paragraph 29 purport to characterize and/or

14  describe the Forest Service's NEPA regulations, including 36 C.F.R. § 220.4(a),

15  which speak for themselves and are the best evidence of their content.

16      30.  The allegations in Paragraph 30 purport to characterize and/or

17  describe the Forest Service's NEPA regulations, including 36 C.F.R. § 220.4(e),

18  which speak for themselves and are the best evidence of their content.

19      31.  The allegations in the first sentence of Paragraph 31 purport to

20  characterize and/or describe the Council on Environmental Quality's ("CEQ's")

21  and the Forest Service's NEPA regulations, including 40 C.F.R. §§ 1501.4(b),

22  1508.4, 1508.9, and 36 C.F.R. § 220.6(c), which speak for themselves and are

23  the best evidence of their content. The allegations in the second sentence of

24  Paragraph 31 purport to characterize and/or describe CEQ's NEPA regulations,

25  including 40 C.F.R. § 1508.9, which speak for themselves and are the best

26  evidence of their content. The allegations in the third sentence of Paragraph 31

27  purport to characterize and/or describe CEQ's NEPA regulations, including 40

28

C.F.R. § 1508.9(a)(1), which speak for themselves and are the best evidence of their content.

32.  The allegations in Paragraph 32 purport to characterize and/or describe NEPA and CEQ's NEPA regulations, which speak for themselves and are the best evidence of their content.

C.  "The Travel Management Rule."

33.  The allegations in Paragraph 33 purport to characterize and/or describe the Travel Management Rule ("TMR"), which speaks for itself and is the best evidence of its content.

34.  The allegations in Paragraph 34 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.51(a), which speaks for itself and is the best evidence of its content.

35.  The allegations in Paragraph 35 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.52(a), which speaks for itself and is the best evidence of its content.

36.  The allegations in Paragraph 36 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.55(a), which speaks for itself and is the best evidence of its content.

37.  The allegations in Paragraph 37 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.55(c), which speaks for itself and is the best evidence of its content.

38.  The allegations in Paragraph 38 purport to characterize and/or describe the TMR, including 36 C.F.R. §§ 212.1, 212.50, 212.56, and 261.13, which speaks for itself and is the best evidence of its content.

39.  The allegations in Paragraph 39 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.54, which speaks for itself and is the best evidence of its content.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.    **"FACTUAL BACKGROUND"**

A. "The Colville National Forest."

40.   Defendants admit the allegations in the first and second sentences of Paragraph 40. With respect to the allegations in the third sentence of Paragraph 40, Defendants admit that visitors to the Colville National Forest seek out diverse recreational opportunities, and that these opportunities include, but are not limited to, hiking, camping, skiing, mountaineering, biking, hunting, fishing, and wildlife viewing. Defendants deny the remaining allegations in the third sentence.

41.   The allegations in Paragraph 41 purport to characterize and/or describe numerous Fed. Reg. notices, which speaks for itself and is the best evidence of its content.

B. "Motorized Recreational Use Impacts."

42.   With respect to the allegations in Paragraph 42, Defendants admit that some off-road vehicles are designed, manufactured, marketed, and sold for off-road travel. Defendants deny the remaining allegations in Paragraph 42, in part because they are too vague and/or subjective to permit a concise response.

43.   Defendants admit that motorized recreational use "may" cause some of the harms alleged in certain circumstances. Defendants deny that those circumstances are present in this case. Defendants deny that any of the alleged harms have occurred.

44.   Defendants admit the allegations in the first sentence of Paragraph 44. With respect to the allegations in the second sentence of Paragraph 44, Defendants admit that motorized use may disrupt otherwise quiet forest landscapes. Defendants deny the remaining allegations in the second sentence, in part because they are too vague and/or subjective to permit a concise response. Defendants deny the allegations in the third and fourth sentences of Paragraph

44, in part because they are too subjective and/or vague to permit a concise response.

45.  Defendants deny the allegations Paragraph 45, in part because they are too subjective and/or vague to permit a concise response.

46.  Defendants deny the allegations in Paragraph 46, in part because they are too subjective and/or vague to permit a concise response.

47.  Defendants admit the allegations in Paragraph 47.

C.  "Motorized Use on the Colville."

48.  With respect to the allegations in the first sentence of Paragraph 48, Defendants admit that, in 2008, the Forest Service amended the 1988 Colville Forest Plan and issued a forest-wide Motor Vehicle Use Map ("MVUM"). The remaining allegations in the first sentence purport to characterize and/or describe the forest plan amendment, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 48. The allegations in the third sentence of Paragraph 48 purport to characterize and/or describe the TMR, which speaks for itself and is the best evidence of its content. The allegations in the fourth sentence of Paragraph 48 purport to characterize and/or describe the forest plan amendment, which speaks for itself and is the best evidence of its content.

49.  Defendants admit the allegations in the first sentence of Paragraph 49. Defendants deny the allegations in the second sentence of Paragraph 49. Defendants admit the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 49. The allegations in the seventh sentence of Paragraph 49 purport to characterize and/or describe the Biological Evaluation for Amendment #31, which speaks for itself and is the best evidence of its content.

50.  The allegations in the first sentence of Paragraph 50 purport to characterize and/or describe the Environmental Assessment for the South End Project, which speaks for itself and is the best evidence of its content. Defendants

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - 9

admit the allegations in the second, third, fourth, and fifth sentences of Paragraph 50. With respect to the allegations in the sixth sentence of Paragraph 50, Defendants admit that Conservation Northwest and other entities filed an appeal to the South End Motor Vehicle Management Decision Notice, and that the Forest Service withdrew the Decision Notice and prepared a supplemental analysis to better describe the project's effects on the human environment. Defendants deny the remaining allegations in the sixth sentence. The allegations in the seventh sentence of Paragraph 50 purport to characterize and/or describe a scoping letter for the supplemental Environmental Assessment for the South End Project, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the eighth sentence of Paragraph 50.

D.  "The 2019 Designations and 2020 Use Maps."

51.  Defendants deny the allegations in the first sentence of Paragraph 51. With respect to the allegations in the second sentence of Paragraph 51, Defendants admit that the Tri-County Motorized Recreation Association is a local motorized use group, and that it, and others, proposed that the vehicle class designations of certain road segments within the Colville be changed. Defendants deny the remaining allegations in the second sentence of Paragraph 51.

52.  With respect to the allegations in the first sentence of Paragraph 52, Defendants admit that the Tri-County Motorized Recreation Association proposed new vehicle use class designations to the Tri-County Forest Group, and the Forest Service is a member of the Group. Defendants deny the remaining allegations in the first sentence. With respect to the allegations in the second sentence of Paragraph 52, Defendants admit that the Tri-County Forest Group includes county commissioners but aver that the Group also includes other entities and individuals. Defendants admit the allegations in the third sentence of Paragraph 52 but aver that the Tri-County Forest Group has not been gathering monthly during the pandemic.

53.  The allegations in the first sentence of Paragraph 53 purport to characterize and/or describe a statement on the Forest Service's website, which speaks for itself and is the best evidence of its content. The allegations in the second and third sentences of Paragraph 53 purport to characterize and/or describe a May 2019 Forest Service email, which speaks for itself and is the best evidence of its content. The allegations in the fourth sentence of Paragraph 53 purport to characterize and/or describe the 2019 and 2020 Schedules of Proposed Actions, which speak for themselves and are the best evidence of their content. Defendants admit the allegations in the fifth sentence of Paragraph 53. Defendants deny the allegations in the sixth sentence of Paragraph 53, in part because they are too vague and/or subjective to permit a concise response.

54.  Defendants admit the allegations in the first sentence of Paragraph 54. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 54 and, on that basis, deny them. Defendants deny the allegations in the third sentence of Paragraph 54.

55.  Defendants admit the allegations in the first and second sentences of Paragraph 55. The allegations in the third, fourth, and fifth sentence of Paragraph 55 purport to characterize and/or describe the document titled *Rationale and Justification for MVUM changes 2019* ("Rationale") and attached table, which speak for themselves and are the best evidence of their content.

56.  The allegations in Paragraph 56 purport to characterize and/or describe the Rationale, which speaks for itself and is the best evidence of its content.

57.  The allegations in Paragraph 57 purport to characterize and/or describe the Rationale, which speaks for itself and is the best evidence of its content.

58.  With respect to the allegations in Paragraph 58, Defendants admit that the Forest Service published a new MVUM for the Colville National Forest on

April 1, 2020 ("April 1, 2020 MVUM"). The remaining allegations in Paragraph 58 purport to characterize and/or describe the April 1, 2020 MVUM, which speaks for itself and is the best evidence of its content.

59.  The allegations in the first, second, and eighth sentences of Paragraph 59 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the third sentence of Paragraph 59, in part because they are too vague and/or subjective to permit a concise response. With respect to the allegations in the fourth sentence of Paragraph 59, Defendants admit that the April 1, 2020 MVUM includes a loop open to all motorized vehicles that crosses an Inventoried Roadless Area. The remaining allegations in the fourth sentence purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content. Defendants deny the allegations in the fifth sentence of Paragraph 59. Defendants admit the allegations in the sixth and seventh sentences of Paragraph 59. The allegations in the ninth sentence of Paragraph 59 purport to characterize and/or describe a map, which speaks for itself and is the best evidence of its content.

60.  Defendants deny the allegations in the first and third sentence of Paragraph 60. The allegations in the second sentence of Paragraph 60 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content.

61.  Defendants deny the allegations in Paragraph 61.

62.  Defendants deny the allegations in Paragraph 62.

63.  Defendants deny the allegations in Paragraph 63.

64.  With respect to the allegations in the first sentence of Paragraph 64, Defendants admit that the Forest Service issued a press release on June 16, 2020. The remaining allegations in the first sentence purport to characterize and/or describe the June 16, 2020 press release, which speaks for itself and is the best

evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 64.

65.  The allegations in the first and second sentences of Paragraph 65 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the third sentence of Paragraph 65.

66.  The allegations in the first sentence of Paragraph 66 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 66.

67.  The allegations in the first, second, sixth, and ninth sentences of Paragraph 67 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the third sentence of Paragraph 67. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of Paragraph 67 and, on that basis, deny them. With respect to the allegations in the fifth sentence of Paragraph 67, Defendants admit that the accumulation of fine sediment can be detrimental to bull trout and deny the remaining allegations. With respect to the allegations in the seventh sentence of Paragraph 67, Defendants admit that Forest Road No. 1935000 crosses West Branch LeClerc Creek and Middle Branch LeClerc Creek. Defendants deny the remaining allegations in the seventh sentence. With respect to the allegations in the eighth sentence of Paragraph 67, Defendants admit that LeClerc Creek is designated bull trout critical habitat and deny the remaining allegations. Defendants admit the allegations in the tenth and eleventh sentences of Paragraph 67. Defendants deny the allegations in the twelfth sentence of Paragraph 67.

68.  The allegations in the first sentence of Paragraph 68 purport to characterize and/or describe the Rationale and the April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the second sentence of Paragraph 68. Defendants deny the allegations in the third, fourth, fifth, sixth, and seventh sentences of Paragraph 68, in part because they are too subjective and/or vague to permit a concise response.

69.  The allegations in the first and fourth sentences of Paragraph 69 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the second sentence of Paragraph 69. Defendants admit the allegations in the third sentence of Paragraph 69.

70.  The allegations in the first sentence of Paragraph 70 purport to characterize and/or describe the Rationale and April 1, 2020 MVUM, which speak for themselves and are the best evidence of their content. Defendants deny the allegations in the second sentence of Paragraph 70. With respect to the allegations in the third sentence of Paragraph 70, Defendants admit that road use, recreation, and vegetation management activities within riparian areas can affect habitat for the Western yellow-billed cuckoo. Defendants deny the remaining allegations in the third sentence of Paragraph 70. With respect to the allegations in the fourth sentence of Paragraph 70, Defendants admit that altered hydrology of riverine systems from channelization, and by disturbance from activities associated with road use and recreation, construction, and maintenance can impact wildlife habitat by making systems less dynamic. Defendants deny the remaining allegations in the fourth sentence. Defendants deny the allegations in the fifth sentence of Paragraph 70, in part because they are too vague and/or subjective to permit a concise response.

71.  Defendants admit the allegations in Paragraph 71.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - 14

# VI.  "CLAIMS"

## "FIRST CLAIM FOR RELIEF"
## "VIOLATIONS OF THE ENDANGERED SPECIES ACT"

72.  Defendants restate and incorporate by reference their responses to all preceding paragraphs.

73.  The allegations in the first sentence of Paragraph 73 purport to characterize and/or describe the ESA, including 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 73 purport to characterize and/or describe the ESA and its implementing regulations, including 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.14(a), which speak for themselves and are the best evidence of their content.

74.  The allegations in Paragraph 74 consist of a legal conclusion, which does not require a response. Defendants deny the remaining allegations in Paragraph 74.

75.  The allegations in the first sentence of Paragraph 75 consist of a legal conclusion, which does not require a response. Defendants deny the allegations in the second and third sentences of Paragraph 75. With respect to the allegations in the fourth sentence of Paragraph 75, Defendants admit that, since 2009, the U.S. Fish and Wildlife Service has listed new species under the ESA and issued new critical habitat designations that include portions of the Colville. Defendants deny the remaining allegations in the fourth sentence.

76.  The allegations in Paragraph 76 purport to characterize and/or describe the ESA, including 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.

77.  The allegations in Paragraph 77 consist of a legal conclusion, which does not require a response.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## "SECOND CLAIM FOR RELIEF"
### "VIOLATION OF THE NATIONAL ENVIRONMENTAL POLICY ACT"
(Failure to Provide Notice and Opportunity to Comment)

78.  Defendants restate and incorporate by reference their responses to all preceding paragraphs.

79.  The allegations in Paragraph 79 purport to characterize and/or describe the Forest Service's NEPA regulations, including 36 C.F.R. §§ 212.52 and 212.54, which speak for themselves and are the best evidence of their content.

80.  The allegations in the first sentence of Paragraph 80 purport to characterize and/or describe the Forest Service's NEPA regulations, including 36 C.F.R. § 220.4(e), which speak for themselves and are the best evidence of their content. The allegations in the second and third sentences of Paragraph 80 purport to characterize and/or describe CEQ's NEPA regulations, including 40 C.F.R. §§ 1501.7 and 1506.6(b), which speak for themselves and are the best evidence of their content.

81.  Defendants deny the allegations in Paragraph 81.

82.  The allegations in Paragraph 82 consist of a legal conclusion, which does not require a response. Defendants deny the remaining allegations in Paragraph 82.

83.  The allegations in Paragraph 83 consist of a legal conclusion, which does not require a response.

## "THIRD CLAIM FOR RELIEF"
### "VIOLATION OF THE NATIONAL ENVIRONMENTAL POLICY ACT"
(Failure to Conduct a NEPA Review)

84.  Defendants restate and incorporate by reference their responses to all preceding paragraphs.

85.  The allegations in Paragraph 85 consist of a legal conclusion, which does not require a response.

86.  The allegations in Paragraph 86 consist of a legal conclusion, which does not require a response.

87.  Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 87. Defendants deny the allegations in the third sentence of Paragraph 87. The allegations in the fifth sentence of Paragraph 87 consist of a legal conclusion, which does not require a response.

88.  The allegations in Paragraph 88 consist of a legal conclusion, which does not require a response.

89.  The allegations in Paragraph 89 consist of a legal conclusion, which does not require a response.

90.  The allegations in Paragraph 90 consist of a legal conclusion, which does not require a response. Defendants deny the remaining allegations in Paragraph 90.

91.  The allegations in Paragraph 91 consist of a legal conclusion, which does not require a response.

**"FOURTH CLAIM FOR RELIEF"**
**"VIOLATIONS OF THE TRAVEL MANAGEMENT RULE"**

92.  Defendants restate and incorporate by reference their responses to all preceding paragraphs.

93.  The allegations in Paragraph 93 purport to characterize and/or describe the TMR, including 36 C.F.R. §§ 212.51(a), 212.52, 212.54, and 212.55, which speaks for itself and is the best evidence of its content.

94.  The allegations in Paragraph 94 consist of a legal conclusion, which does not require a response.

95.  The allegations in Paragraph 95 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.55(a), which speaks for itself and is

the best evidence of its content.

96.  The allegations in Paragraph 96 consist of a legal conclusion, which does not require a response.

97.  The allegations in Paragraph 97 purport to characterize and/or describe the TMR, including 36 C.F.R. § 212.55(c), which speaks for itself and is the best evidence of its content.

98.  The allegations in Paragraph 98 consist of a legal conclusion, which does not require a response.

99.  The allegations in Paragraph 99 consist of legal conclusions, which do not require a response.

## VII.  "PRAYER FOR RELIEF"

The remaining paragraphs of Plaintiffs' complaint, denominated A-F, constitute Plaintiffs' request for relief to which no response is required. To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim on which relief can be granted on some or all of their claims.

2. The Court lacks jurisdiction over one or more of Plaintiffs' claims.

3. Defendants reserve the right to amend their Answer and Affirmative Defenses to include such other and further defenses that may become more fully developed or apparent as the case progresses.

WHEREFORE, the Defendants respectfully request the Court to dismiss all claims in Plaintiffs' Complaint; award the Defendants allowable or recoverable

costs and disbursements, and grant such other further relief as the Court may deem just and appropriate in this case.

DATED this 16th day of February, 2021.

William D. Hyslop
United States Attorney (EDWA)

s/Derek T. Taylor
Derek T. Taylor, AUSA
John T. Drake, AUSA
Attorneys for Defendants

1

2

*Certificate of Service*

3        I hereby certify that on February 16, 2021, I electronically filed the

4 foregoing with the Clerk of the Court using the CM/ECF system, which will send

5 notification of such filing to the following:

6

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Paul Kampmeier<br>KAMPMEIER & KNUTSEN PLLC<br>811 First Avenue, Suite 468<br>Seattle, Washington 98104<br>Email: paul@kampmeierknutsen.com<br>*Attorneys for Plaintiffs* | ☒ CM/ECF System<br>☐ Electronic Mail<br>☐ U.S. Mail |
| Marla S. Fox<br>WILDEARTH GUARDIANS<br>P.O. Box 13086<br>Portland, Oregon 97213<br>Email: mfox@wildearthguardians.org<br>*Attorney for Plaintiff WildEarth Guardians* | ☒ CM/ECF System<br>☐ Electronic Mail<br>☐ U.S. Mail |

*/s/ Derek T. Taylor*
Assistant United States Attorney